PER CURIAM:
The claimants brought these separate actions for damage to their vehicles which they allege occurred as a result of a large hole on a road maintained by the respondent in Marshall County. The Court, on its own motion, consolidated these claims as they involve the same underlying facts and circumstances.
In Klug, (CC-98-13), claimant Barbara Klug was driving a 1997 Honda Accord on WV Route 2 northbound in the vicinity of Glendale on January 7, 1998, at approximately 7:45 p.m. The weather was dark and it was raining heavily. Ms. Klug was driving approximately 30 miles per hour. The evidence at hearing established that her vehicle struck a large hold on the right side of the traveled portion of the slow lane. The vehicle sustained two flat tires on the passenger side. Ms. Klug submitted into evidence a repair bill in the amount of $266.39 and a towing bill in the amount of $35.00. Claimant’s insurance deductible was $250.00.
In Matheny, (CC-98-15), claimant Elizabeth Matheny was driving in the same area the following morning, January 8, 1998, at approximately 8:10 a.m. when her vehicle struck the same hole on the edge of the traveled portion of the lane. Her vehicle sustained a flat tire.
The claimant’s cost for repair was $48.74. She had a $100.00 deductible.
WV Route 2 in this area is a heavily-traveled, high-priority road in terms of maintenance. The hole in question was described as approximately one and a half feet to two feet long and six inches deep, and was located on the right side of the slow lane northbound. Ms. Matheny introduced into evidence a number of photographs indicating that a number of vehicles had struck this hole and had lost their hubcaps as a result. The respondent was informed about the hole at approximately 8:45 p.m., the evening of January 7, 1998. The respondent repaired the hold that night with cold mix patch. However, it was raining heavily on both days and the cold mix patch apparently washed out thereby creating a hazard again by the morning of January 8, 1998.
It is well established that the state is neither and insurer nor a guarantor of the safety of motorists upon its roads. In order for the respondent to be held liable for road hazards of this type, the claimant must prove that the respondent knew or had reason to know of the defect. Hamon vs. Dept. of Highways, 16 Ct. Cl. 127 (1986), Pritt vs. Dept of Highways, 16 Ct. Cl. 8 (1985). It is the opinion of the Court that a road defect of this type would have developed over a significant amount of time and the respondent, at a minimum, had constructive notice. Furthermore, while not material to the question of liability, the Court notes that the respondent was able to make adequate and permanent repairs to this hole with rapid setting concrete mix despite the inclement weather. In view of the foregoing, the Court does hereby make awards as set out below.
Richard Klug and Barbara Klug.$250.00
Elizabeth Matheny.$48.74.